Harvey Merle FRITTS *v.* STATE of Arkansas

CR 88-169 768 S.W.2d 541

Supreme Court of Arkansas
Opinion delivered May 1, 1989

534

*Joe O'Bryan*, for appellant.

*Steve Clark*, Att'y Gen., by: *Kay J. Jackson Demailly*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. This case involves the appellant's, Harvey Fritts's, Rule 37 petition wherein he originally alleged that the sentences he received were illegal because they exceed the maximum punishment allowed by law. He also alleged that he was denied effective assistance of counsel. The trial court appointed Fritts an attorney, held a hearing on his petition, and denied the relief requested.

On appeal, Fritts first argues that the trial court had no authority to impose sentences in the manner it did.[1] In this respect, Fritts entered a negotiated plea of nolo contendere to two counts of attempted first degree murder and one count of aggravated assault in exchange for a recommendation from the prosecutor that he receive forty years. On July 15, 1986, the court sentenced Fritts to thirty years for each count of attempted first degree murder. In order to achieve the forty years to which the state and Fritts agreed, the court split the thirty year term on the second count so that twenty years of it would commence and run concurrently with the thirty year sentence for count one and the last ten years of it would run consecutively to the thirty year sentence on count one. Fritts received a six year term for the assault charge to be served concurrently with the other sentences.

We do not reach the merits of appellant's argument because he failed to raise the issue in a timely fashion. Although he challenges on appeal the manner in which the trial court

---

[1] Fritts abandoned his argument below that his sentences were illegal because they were in excess of the maximum allowed by law. In fact, the sentences imposed were within the terms of punishment prescribed by statute.

imposed the terms on the two counts of murder, he never challenged the sentence given him—at least on the basis he now argues—until he filed his Rule 37 petition on January 30, 1987, or five and one-half months after the sentence was imposed. While an aggrieved party can seek at any time to correct a sentence illegal on its face, he or she can only petition to correct a sentence imposed in an illegal manner if such relief is sought and granted within 120 days after the sentence is imposed. *See* Ark. Code Ann. §16-90-111(a) and (b)(1) (Supp. 1987); *see also Abdullah* v. *State*, 290 Ark. 537, 720 S.W.2d 902 (1986).[2] We note that the sentences given Fritts were clearly within the maximum prescribed by law and not illegal on their face.

 Fritts next argues that his attorney was ineffective. He claims that he had valid defenses of voluntary intoxication and diminished mental capacity, and his counsel should have tried the case rather than allow Fritts to plead nolo contendere. Fritts also argues his attorney never explained (1) the range of sentences he could receive, (2) his plea statement, (3) the lesser included offenses with which he could have been convicted and (4) the fact the sentences he received could be either concurrent or consecutive. The record simply fails to substantiate Fritts's claims. Fritts's former attorney testified, and, in doing so, rebutted Fritts's claims. Suffice it to say, the trial court obviously believed the attorney's version. In addition, the attorney's story was supported, in most respects, by the record made at both the plea hearing and post-conviction hearing where Fritts (1) acknowledged his attorney discussed with him the defense of voluntary intoxication, (2) stated he was aware of the possible defenses he could have raised if he had gone to trial, (3) conceded he previously stated he was satisfied with his attorney and (4) knew he would get forty years when he entered a voluntary plea. Furthermore, the plea agreement signed by Fritts disclosed both the maximum and minimum punishments he could have received on each charge pending against him. In sum, the record reflects Fritts's claim of ineffective counsel is wholly without merit.

For the reasons given above, we find the trial court was

---

[2] Section 16-90-111 also covers events when appeals have been taken and refers to situations when revocation of probation might be involved.

536

correct in denying the appellant's petition and therefore affirm.

HICKMAN, J., not participating. PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. There is no authority for a court to split a sentence by suspending a part of it after part of it has been served, and then placing it back in force after a period of suspension. A ten year sentence could be strung along for twenty years or more under the theory utilized by the trial court. This type of sentencing could result in extending the maximum legal sentence for as many additional years as the trial court deems appropriate. That's not the law.

It is true that the appellant could have been sentenced to 60 years, but he was not. The court imposed two 30 year sentences but actually sentenced him to 40 years by hyphenating one of the terms in the middle. It would have been proper to sentence him to 30 and 10 years consecutively in order to arrive at the agreed-upon 40 year sentence.

HICKMAN, J., not participating.