Alvin LOVELACE *v.* STATE of Arkansas

CA 89-226                              785 S.W.2d 212

Supreme Court of Arkansas
Opinion delivered March 12, 990

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *John D. Harris*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The appellant, an habitual offender, was convicted of aggravated robbery in 1981 and sentenced to life imprisonment. We affirmed. *Lovelace* v. *State*, 276 Ark. 463, 637 S.W.2d 548 (1982). Since then appellant has filed numerous post-conviction motions in state and federal courts. In this one he argued below that the trial court applied the wrong procedure in his 1981 trial in determining the number of prior felony convictions in sentencing him. He concludes that his "illegal sentence" must be set aside. The trial court in this case correctly denied relief.

Ark. Code Ann. § 16-90-111 (1987) provides that a circuit court may correct an illegal sentence at any time, and may correct a sentence that is imposed in an illegal manner within 120 days after the sentence is imposed or within 120 days after the case is affirmed or dismissed on appeal. An illegal sentence is a sentence that is illegal on its face. *Abdullah* v. *State*, 290 Ark. 537, 720 S.W.2d 902 (1986). The sentence in this case is not illegal on its face. Accordingly, a motion to correct the sentence had to be filed within 120 days after the judgment of conviction was affirmed on appeal. The appellant filed his petition in this case over eight (8) years after his case was affirmed on appeal. It was not timely, and the trial court correctly denied relief.

Affirmed.

PRICE, J., not participating.