2011 Ark. 464

**Chariell Ali GLAZE, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 11–484.**

Supreme Court of Arkansas.

Nov. 3, 2011.

Caroline Lowry Winningham, Conway, for appellant.

Dustin McDaniel, Att'y Gen., by: John T. Adams, Ass't Att'y Gen., for appellee.

PAUL E. DANIELSON, Justice.

◼ ⌊₁Appellant Chariell Ali Glaze appeals from a judgment and commitment order of the Faulkner County Circuit

Court convicting him of possession of a firearm by certain persons and sentencing him as a habitual offender to twenty-five years' imprisonment. On appeal, Glaze argues three points for reversal: (1) the circuit court erred in sentencing Glaze as a habitual offender, as the amended felony information did not specifically set out the number and nature of his prior convictions; (2) the circuit court erred in permitting the State to file the amended felony information on the morning of trial; and (3) the circuit court erred in sentencing Glaze pursuant to Arkansas Code Annotated section 16–90–201 (Repl.2006), as it was repealed by implication.[1] We affirm in part, and reverse and remand in part.

|2Because Glaze does not challenge the sufficiency of the evidence supporting his convictions, only a brief recitation of the facts is necessary. *See, e.g., Vance v. State,* 2011 Ark. 243, 383 S.W.3d 325. On March 27, 2009, a felony information was filed against Glaze charging him with possession of a firearm by certain persons and aggravated assault.[2] On June 8, 2009, Glaze filed a discovery receipt wherein he acknowledged receiving a certified copy of a judgment and commitment order convicting him of three prior felonies in 1998.[3]

A jury trial was held on July 13, 2010. On the morning of trial, the State filed an amended felony information charging Glaze as a habitual offender. Glaze objected to the amendment on the grounds that he was given no notice of a fourth convic-

tion in Georgia that the State intended to introduce against him during sentencing. The circuit court overruled Glaze's objection and allowed the amendment because it did not change the elements of the crime charged. At trial, Glaze testified and admitted to the three prior convictions in Arkansas and that he was on probation for a felony conviction of battery in Georgia. At the conclusion of the evidence, Glaze was convicted of possession of a firearm by certain persons, a Class B felony.

During the sentencing phase of trial, the State argued that because a judgment and commitment order was entered into evidence establishing three prior convictions in Arkansas |3and because Glaze admitted to a fourth conviction in Georgia, he was subject to an enhanced term of imprisonment pursuant to Ark.Code Ann. § 16–90–201(3)(A). Glaze again objected to the fourth conviction in Georgia and argued that because the State produced no record of such conviction, it should not be considered in sentencing. The circuit court overruled Glaze's objection and gave the following jury instruction:

> Glaze has four previous felony convictions and is classified as an [sic] habitual offender. The punishment—or the offense of possession of a firearm by a felon when committed by an [sic] habitual offender is punishable by imprisonment in the Arkansas Department of Correction for not less than twenty years nor more than thirty years.[4]

1. We recognize that Glaze raises this third point for the first time in his reply brief, and as the State points out, it is axiomatic that we do not address arguments raised for the first time in an appellant's reply brief. *See, e.g., Dunlap v. State,* 2010 Ark. 111, 2010 WL 746185 (per curiam). However, because Glaze's argument pertains to the legality of his sentence, it cannot be waived and may be raised for the first time on appeal. *See White-side v. State,* 2011 Ark. 371, at 11, 383 S.W.3d 859, 866–67.

2. The aggravated-assault charge was later severed.

3. In case CR 97–478, the St. Francis County Circuit Court convicted Glaze of two counts of terroristic threatening and one count of second-degree battery, all Class D felonies.

4. Section 16–90–201(3)(A) mandates a sentence of "not less than the maximum sentence provided by law for a first conviction of the offense for which the defendant is being tried,

The jury sentenced Glaze to twenty-five years' imprisonment, which the circuit court accepted. On appeal to the Arkansas Court of Appeals, Glaze's convictions were affirmed; however, the court of appeals remanded for resentencing on the grounds that because Glaze was charged under the Arkansas Criminal Code, his sentence must be in accordance with the Code's habitual-offender statute, Arkansas Code Annotated section 5–4–501 (Supp. 2007). *See Glaze v. State*, 2011 Ark. App. 283, 378 S.W.3d .

Because we granted the State's petition for review, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(e) (2011). Upon a petition for review, we consider an appeal as though it had been originally filed in this court. *See, e.g., Fuson v. State*, 2011 Ark. 374, 383 S.W.3d 848.

## I. *Form of Amended Felony Information*

As his first point on appeal, Glaze argues that the circuit court erred in sentencing him as a habitual offender. Specifically, Glaze asserts that the amended felony information lacked any specificity regarding the number and nature of his prior convictions. In response, the State contends that the amendment was sufficient to alert Glaze that his prior convictions would be introduced at sentencing.

▮ Whenever the State seeks to charge one as a habitual offender, the previous offense is an essential element of the crime charged; thus, the habitual-offender allegation must be included in the felony information. *See Finch v. State*, 262 Ark. 313, 556 S.W.2d 434 (1977). The purpose of this requirement is to afford the defendant notice of the essential elements that the State will rely on in assessing punishment. *See Baumgarner v. State*, 316 Ark. 373, 872 S.W.2d 380 (1994). We have held that a felony information containing general language referring to the habitual-offender statute is sufficient to put the defendant on notice that his prior convictions may be introduced in assessing an enhanced sentence. *See Wilson v. State*, 251 Ark. 900, 475 S.W.2d 543 (1972).

▮ While the instant amendment did not specifically state the number or nature of Glaze's prior convictions, such specificity is not required. In *Wilson, supra*, we explained that while the felony information did not specifically list the defendant's prior convictions, the information was sufficient because it contained language explaining that the charges were filed under the habitual-offender statute.[5] Likewise, the amended felony information in the instant case incorporated by reference the charges included in the original information and quoted the habitual-offender statute of Title 16. We hold that this was sufficient to alert Glaze to the fact that he could be sentenced as a habitual offender and that his prior convictions could be considered in assessing an enhanced sentence. We further note that any defect in the general allegation charging Glaze as a habitual offender could have been cured by the filing of a motion for a

---

and not more than one and one-half times the maximum sentence provided by law for a first conviction." Possession of a firearm by certain persons, a Class B felony, carries a sentence of "not less than five (5) years nor more than twenty (20) years." Ark.Code Ann. § 5–4–401(a)(3). Thus, as a habitual offender with four prior convictions, Glaze was subject to an enhanced sentence of not less than

twenty (20) years nor more than thirty (30) years.

5. The felony information in *Wilson* included the following language: "These charges are filed under the provisions of the Ark. Habitual Criminal Statute." *Wilson*, 251 Ark. at 902–03, 475 S.W.2d at 544.

bill of particulars. *See Wilson, supra.* Accordingly, we hold that there was no error in the form of the amended felony information and affirm on this point.

## II. *Timing of Amended Felony Information*

As his second point on appeal, Glaze argues in the alternative that the circuit court erroneously allowed the State to amend the felony information on the morning of trial. Specifically, Glaze contends that the amendment should not have been allowed because he did not have notice of the conviction in Georgia. The State responds that an amendment adding a habitual-offender allegation does not change the nature of the crime charged and that Glaze was not unfairly surprised by the amendment.

▮▮ It is well settled that felony informations may be amended up to a certain point after the jury as been sworn, but before the case has been submitted to it, as long as the amendment does not change the nature of the crime charged or create an unfair surprise for the defendant. |₆*See Baumgarner, supra.* An amendment adding an allegation that the defendant is a habitual offender does not change the nature of the crime charged; rather, it authorizes the imposition of an enhanced sentence by affording evidence to increase the final punishment. *See Baumgarner, supra* (citing *Finch,* 262 Ark. at 317, 556 S.W.2d at 436).

▮ While this court has never defined "unfair surprise," there is nothing in the instant case to indicate that Glaze was unfairly surprised by the amendment. The fact that the State filed the amended felony information on the morning of trial is of no consequence. In *Traylor v. State,* 304 Ark. 174, 801 S.W.2d 267 (1990), we affirmed an amendment that was filed on

the day of the appellant's trial. There, we noted that the amendment did not change the nature of the crime charged as it merely added an allegation that Traylor was a habitual offender and that the record reflected that Traylor knew of his habitual-offender status and of the State's intention to pursue enhanced sentencing.

Here, the record reflects that prior to the filing of the amended felony information, Glaze received a certified copy of the judgment and commitment order convicting him of three prior felonies in Arkansas. The record further reflects that at a bond-and-motions hearing held on December 17, 2009, the State questioned Glaze regarding his prior convictions, specifically mentioning a 2007 conviction in Georgia of first-degree battery. Because the amendment did not change the nature of the crime charged and because there is no basis for concluding that Glaze was unfairly surprised by the State's amended felony information, we hold that there was no error in the timing of the amendment. Accordingly, we affirm on this point.

## |₇III. *Ark.Code Ann. § 16–90–201*

Finally, Glaze argues that Ark.Code Ann. § 16–90–201 was repealed by implication with the enactment of the Arkansas Criminal Code. Glaze maintains that because he was charged and convicted under the Criminal Code, his sentence must be in accordance with the Code's habitual-offender statute, Ark.Code Ann. § 5–4–501. The State responds that the General Assembly did not take up the entire subject of sentencing habitual offenders anew when it enacted the Criminal Code and that there is no irreconcilable conflict between the two statutes such that they cannot be read together; thus, the State contends that section 16–90–201 was not

repealed by implication.[6]

On review of the legality of a sentence, we must determine whether the circuit court had the authority to impose a particular sentence and not whether the sentence is illegal on its face or within the prescribed statutory range. *See Cross v. State,* 2009 Ark. 597, 357 S.W.3d 895. The touchstone for determining whether a sentence is illegal or void is the circuit court's "authority to act." *Id.* at 7, 357 S.W.3d at 900. A sentence is illegal if the circuit court is without the authority to impose it, even if on its face it is within the statutory range. *See Cantrell v. State,* 2009 Ark. 456, 343 S.W.3d 591. Because sentencing is entirely a matter of statute, the circuit court only has the authority to impose a particular sentence when it complies with the applicable statute. *See id.* "Where the law does not authorize the particular sentence pronounced by a trial court, the sentence is unauthorized and illegal, and the case must be reversed and remanded." *State v. Joslin,* 364 Ark. 545, 548, 222 S.W.3d 168, 170 (2006).

The law regarding repeal by implication is well settled:

[S]tatutes relating to the same subject should be read in a harmonious manner if possible. *Thomas v. State,* 349 Ark. 447, 79 S.W.3d 347 (2002). All legislative acts relating to the same subject are said to be in *pari materia* and must be construed together and made to stand if they are capable of being reconciled. *Id.* Repeals by implication are strongly disfavored by the law, and a statute will only be impliedly repealed in Arkansas when two enactments cannot stand together. *Cox v. State,* 365 Ark. 358, 229 S.W.3d 883 (2006). Repeal by implication is only recognized in two situations:

(1) where the statutes are in irreconcilable conflict, and (2) where the legislature takes up the whole subject anew, covering the entire subject matter of the earlier statute and adding provisions clearly showing that it was intended as a substitute for the former provision. *Thomas, supra.* We will not find a repeal by implication if there is a way to interpret the statutes harmoniously. *Cox, supra.*

*Sesley v. State,* 2011 Ark. 104, at 3, 380 S.W.3d 390, 391–92.

In support of its proposition that the preexisting sentencing provisions of Title 16 were not repealed by implication with the enactment of the Criminal Code, the State cites *Williams v. State,* 364 Ark. 203, 217 S.W.3d 817 (2005). In that case, Williams was convicted under the Criminal Code of, *inter alia,* aggravated robbery and was sentenced as a habitual offender to twelve years' imprisonment. For having used a firearm in the commission of the aggravated robbery, Williams received an additional sentence of five years' imprisonment pursuant to Ark.Code Ann. § 16–90–120. On appeal, Williams asserted that because he was convicted under the Criminal Code, his sentence should have been governed solely by the Code's sentencing provisions. Specifically, Williams pointed to the language of section 5–4–104(a), which provides that "[n]o defendant convicted of an offense shall be sentenced otherwise than in accordance with [the Criminal Code]." We rejected Williams's argument and held that "§ 5–4–104(a) and § 16–90–120(a)-(b) can be read harmoniously to mean that § 16–90–120(a)-(b) is only a sentence enhancement, while the Arkansas Criminal Code provides the minimum sentences to be imposed for each specific offense."

---

**6.** After granting the State's petition for review, we also granted the State's motion to file supplemental briefs regarding Glaze's repeal-by-implication argument.

*Williams,* 364 Ark. at 209, 217 S.W.3d at 820. The rationale of the *Williams* decision was later adopted in *Neely v. State,* 2010 Ark. 452, 370 S.W.3d 820; *Sesley v. State,* 2011 Ark. 104, 380 S.W.3d 390; and *Hervey v. State,* 2011 Ark. 113, 2011 WL 913203.

Unlike the statutes in those cases, however, the statutes at issue in this case cannot be reconciled. In *Williams* and its progeny, what was challenged was the imposition of an enhanced sentence under the firearm-enhancement statute of Title 16. As previously mentioned, we reasoned that section 16–90–120 could be reconciled with the sentencing provisions of Title 5 to mean that Title 5 prescribes the initial sentences to be imposed for offenses, while section 16–90–120 is only a sentence enhancement, as is indicated by its language, *"additional period of confinement." Williams,* 364 Ark. at 208, 217 S.W.3d at 820 (quoting Ark.Code Ann. § 16–90–120(a)); *see also Neely,* 2010 Ark. 452, at 5, 370 S.W.3d at 823 (reconciling the firearm-enhancement statutes of Title 5 and Title 16 to mean that § 16–90–120 provides an additional term of imprisonment, while § 5–4–505 provides for an increase in the maximum sentence to be imposed for a felonious offense). We further noted that at the time of the statutory challenges in those cases, the Criminal Code did not contain its own firearm-enhancement statute. *See Williams,* 364 Ark. at 210, 217 S.W.3d at 821, n. 2 (explaining that in 1994, the General Assembly repealed Ark. Code Ann. § 5–4–505, which mandated an increased sentence when a firearm was used in the commission of a felony, and left intact the firearm-enhancement statute of Title 16, Ark.Code Ann. § 16–90–120).

Such is not the case here. The key distinction in the instant case is that unlike section 16–90–120, section 16–90–201 does not merely provide for an *addi-*tional period of confinement; rather, it sets a new sentencing range to be imposed upon habitual offenders. The Criminal Code's habitual-offender statute, Ark.Code Ann. § 5–4–501, addresses the same subject matter as section 16–90–201—the sentencing of habitual offenders. Moreover, the two statutes share the same purpose to "subject repeat offenders to a more severe punishment," *Blackmon v. State,* 272 Ark. 157, 158, 612 S.W.2d 319, 319 (1981), and both statutes provide the minimum and maximum sentences to be imposed for recidivists who are convicted of subsequent felonies.

It is clear to this court that the General Assembly took up the subject matter of sentencing habitual offenders anew when it enacted the Criminal Code in 1976. Section 16–90–201 provides:

Any person convicted of an offense which is punishable by imprisonment in the penitentiary who shall subsequently be convicted for another offense shall be punished as follows:

(1) If the second offense is such that, upon a first conviction, the offender could be punished by imprisonment for a term less than his or her natural life, then the sentence to imprisonment shall be for a determinate term not less than one (1) year more than the minimum sentence provided by law for a first conviction of the offense for which the defendant is being tried, and not more than the maximum sentence provided by law for this offense, unless the maximum sentence is less than the minimum sentence plus one (1) year, in which case the longer term shall govern;

(2) If the third offense is such that, upon a first conviction, the offender could be punished by imprisonment for a term less than his or her natural life, then the person shall be sentenced to imprisonment for a determinate term

not less than three (3) years more than the minimum sentence provided by law for a first conviction of the offense for which the defendant is being tried, and not more than the maximum sentence provided by law for the offense, unless the maximum sentence is less than the minimum sentence plus three (3) years, in which case the longer term shall govern;

(3)(A) If the fourth or subsequent offense is such that, upon a first conviction, the offender could be punished by imprisonment for a term less than his or her natural life, then the person shall be sentenced to imprisonment for the fourth or subsequent offense for a determinate term not less than the maximum sentence provided by law for a first conviction of the offense for which the defendant is being tried, and not more than one and one-half (1 ½) times the maximum sentence provided by law for a first conviction.

(B) However, any person convicted of a fourth or subsequent offense shall be sentenced to imprisonment for no less than five (5) years.

On the other hand, section 5–4–501 was enacted for the purpose of creating "a simpler method for determining the sentence to be imposed" against habitual offenders, *see Blackmon, supra,* and provides in pertinent part

(a)(1) A defendant meeting the following criteria may be sentenced to pay any fine authorized by law for the felony conviction and to an extended term of imprisonment as set forth in subdivision (a)(2) of this section:

(A) A defendant who:

(i) Is convicted of a felony other than those enumerated in subsections (c) and (d) of this section committed after June 30, 1993; and

(ii) Has previously been convicted of more than one (1) felony but fewer than four (4) felonies or who has been found guilty of more than one (1) but fewer than four (4) felonies;

. . . .

(2) The extended term of imprisonment for a defendant described in subdivision (a)(1) of this section is as follows:

$\lfloor_{12}$ . . . .

(C) For a conviction of a Class B felony, a term of imprisonment of not less than five (5) years not more than thirty (30) years;

. . . .

(b)(1) A defendant meeting the following criteria may be sentenced to pay any fine authorized by law for the felony conviction and to an extended term of imprisonment as set forth in subdivision (b)(2) of this section:

(A) A defendant who:

(i) Is convicted of a felony other than a felony enumerated in subsections (c) and (d) of this section committed after June 30, 1993; and

(ii) Has previously been convicted of four (4) or more felonies or who has been found guilty of four (4) or more felonies:

. . . .

(2) The extended term of imprisonment for a defendant described in subdivision (b)(1) of this section is as follows:

. . . .

(C) For a conviction of a Class B felony, a term of imprisonment of not less than five (5) years nor more than forty (40) years;

Subsections (c) and (d) of section 5–4–501 prescribe the enhanced sentencing ranges for recidivists who have been convicted of certain serious felonies involving violence.

A plain reading of the two statutes makes clear that section 5–4–501 is the more comprehensive statute, covering the same subject matter as section 16–90–201 as well as including additional provisions to provide for the sentencing of habitual offenders who are convicted of serious and violent felonies. It is further evident that the two statutes cannot be read together harmoniously, as the sentencing ranges prescribed by each statute conflict. For instance, under the habitual-offender statute of Title 16, Glaze is subject to an enhanced sentence of not less than twenty years nor more than thirty years. To the contrary, the habitual-offender statute of Title 5 provides that Glaze may be sentenced to an extended sentence of not less than five years nor more than forty years.

For these reasons, we find that the General Assembly clearly took up the subject matter of the enhanced sentencing of habitual offenders anew in the more current statute, Ark.Code Ann. § 5–4–501, and hold that the conflict between sections 16–90–201 and 5–4–501 is irreconcilable, resulting in a repeal by implication of Ark. Code Ann. § 16–90–201.

Because sentencing must be determined by the law in effect at the time of the commission of a crime, *see Scissom v. State*, 367 Ark. 368, 240 S.W.3d 100 (2006), we further hold that Glaze was entitled to a jury instruction in accordance with the Code's habitual-offender statute. The fact that Glaze received a sentence of twenty-five years, which falls within the sentencing range of both statutes, is irrelevant as there is the possibility that the jury would have returned a sentence less than the minimum set forth in Ark.Code Ann. § 16–90–201; thus, the effect of sentencing Glaze under section 16–90–201 was prejudicial. *See Hicks v. Oklahoma*, 447 U.S. 343, 346, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980). Therefore, we reverse and remand for resentencing under Ark.Code Ann. § 5–4–501.

Affirmed in part; reversed and remanded in part; court of appeals' opinion vacated.

BROWN, J., concurs.

BAKER, J., concurs in part and dissents in part.

ROBERT L. BROWN, Justice, concurring.

I concur with the decision of the majority. I write separately merely to call attention to the need for a study of our criminal code. For example, this is not the first case where there has been an argument raised concerning a perceived conflict between a statute in the Criminal Code and one contained under another title. *See Whiteside v. State*, 2011 Ark. 371, 383 S.W.3d 859 (alleged conflict between Title 5 and Title 16 concerning the jury's right to determine punishment); *Hervey v. State*, 2011 Ark. 113 (alleged conflict between Title 5 and Title 16 concerning the imposition of an enhanced sentence under the firearm-enhancement statute); *Sesley v. State*, 2011 Ark. 104, 380 S.W.3d 390 (alleged conflict between Title 5 and Title 16 concerning the imposition of an enhanced sentence under the firearm-enhancement statute); *Neely v. State*, 2010 Ark. 452, 370 S.W.3d 820 (alleged conflict between Title 5 and Title 16 concerning the imposition of an enhanced sentence under the firearm-enhancement statute); *Williams v. State*, 364 Ark. 203, 217 S.W.3d 817 (2005) (alleged conflict between Title 5 and Title 16 concerning the imposition of an enhanced sentence under the firearm-enhancement statute); *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002) (alleged conflict between Title 5 and Title 16 concerning the trial court's authority to reduce the punishment imposed by a jury).

Although in that line of cases, this court determined that the allegedly conflicting statutes could be read harmoniously so that there was no repeal by implication, that is clearly not the outcome in the instant case. Furthermore, even though this court has found no repeal by implication in several recent cases, the argument is still consistently being raised by defendants, making at least a review, if not a revision, of our criminal code warranted.

There is also the example of cyber crimes and whether our current code on sexual offenses adequately addresses the novel ways of disseminating images, such as images of child pornography, which are currently being employed.

In the past, this court has used the authority granted by Act 470 of 1971 to create the Arkansas Criminal Code Revision Commission. Act 470 gives this court the power to prescribe rules of pleading, practice, and procedure with respect to any or all proceedings in criminal cases. Act of Apr. 1, 1971, No. 470, 1971 Ark. Acts 1126. In 1971, pursuant to Act 470, this court and Attorney General Jim Guy Tucker joined together in creating the Arkansas Criminal Code Revision Commission. The Commission was charged with revising the substantive criminal law, which resulted in the adoption of the Arkansas Criminal Code by the General Assembly in 1975. The time has come again for a thorough review of our criminal code.

KAREN R. BAKER, Justice, concurring in part and dissenting in part.

I concur with the majority's disposition of the first and second issues raised by Glaze in his appeal. However, because Glaze's sentence is not illegal, I would affirm as to the third issue as well.

This court has held that where the law does not authorize the particular sentence pronounced by the trial court, the sentence is unauthorized and illegal. *Donaldson v. State*, 370 Ark. 3, 257 S.W.3d 74 (2007) (holding that the sentence entered by the circuit court was illegal because the court had no authority to impose a sentence that exceeded the punishment fixed by the jury). The majority cites to three cases in support of its conclusion that Glaze's sentence is illegal: *Cross v. State*, 2009 Ark. 597, 357 S.W.3d 895; *Cantrell v. State*, 2009 Ark. 456, 343 S.W.3d 591; and *State v. Joslin*, 364 Ark. 545, 222 S.W.3d 168 (2006).

In *Cross*, the sentence was illegal because the circuit court lacked the authority to revoke the defendant's probation and sentence her to ten years' imprisonment when a previous order extending probation was invalid and her term of probation had ended. In *Joslin*, the sentence was illegal because the trial court imposed probation when the offense carried a sentencing range of three to twenty years. Neither of these cases supports the conclusion that Glaze's sentence was illegal, nor does *Cantrell*. In *Cantrell*, a due-process argument that was not presented to the trial court could not be raised for the first time on appeal.

Glaze, a habitual offender with four prior felonies, was sentenced to a term of twenty-five years' imprisonment. There are two habitual offender statutes in Arkansas and under either of them a term of twenty-five years' imprisonment is authorized. Ark.Code Ann. § 16–90–201 provides for a sentencing range of not less than twenty years nor more than thirty years, and Ark.Code Ann. § 5–4–501 (Supp.2007) provides for a sentencing range of not less than five years nor more that forty years. Thus, Glaze's sentence of twenty-five years was permitted under either statute, and the circuit court had the authority to impose it.

Glaze's argument, raised for the first time in his reply brief, is that Ark.Code Ann. § 16–90–201 was repealed by implication by the enactment of Ark.Code Ann. § 5–4–501 (Supp.2007) and that the jury should have been instructed in accordance with the sentencing range found in Ark. Code Ann. § 5–4–501 (Supp.2007). However, Glaze failed to object ⌐17to the sentencing instruction given by the circuit court and failed to proffer what he now asserts was the proper instruction. An assertion that an incorrect jury instruction was given is a due-process challenge. *Gilcrease v. State*, 2009 Ark. 298, 318 S.W.3d 70; *Hickman v. State*, 372 Ark. 438, 277 S.W.3d 217 (2008). Due-process challenges must be made before the trial court and will not be considered for the first time on appeal. *Cantrell, supra.* Because Glaze failed to object to the sentencing instruction before the trial court, the issue is not preserved for appellate review and I would decline to consider it.