SLIP OPINION

Cite as 2013 Ark. 417

# SUPREME COURT OF ARKANSAS

No. CR-12-205

WESLEY ELISHA GRISSOM
   APPELLANT

v.

STATE OF ARKANSAS
   APPELLEE

**Opinion Delivered**     October 24, 2013

PRO SE APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT, 26CR-06-611, HON. MARCIA R. HEARNSBERGER, JUDGE

AFFIRMED.

**PER CURIAM**

On September 18, 2008, judgment was entered reflecting that appellant Wesley Elisha Grissom had entered a plea of guilty to sexual assault in the first degree for which he was sentenced to 660 months' imprisonment.[1] Now before us is a pro se appeal lodged by appellant that pertains to two orders entered in the trial court.

On December 14, 2011, appellant filed in the trial court a pro se petition to correct a sentence illegal on its face and to reduce sentence pursuant to Arkansas Code Annotated section 16-90-111 (Supp. 2006). The petition was denied on the day it was filed, and appellant timely filed a notice of appeal from the order.

On January 17, 2012, appellant filed a second pro se petition pursuant to section 16-90-

---

[1]While the transcript of the hearing when appellant entered the plea establishes that appellant was repeatedly informed that the sentence was enhanced under Arkansas Code Annotated section 5-4-501 (Repl. 2006) by virtue of his having been found guilty of four or more prior felony offenses, the original judgment did not reflect that appellant was sentenced as a habitual offender. On March 31, 2009, an amended judgment was entered correcting the omission.

111, in which he again argued that the sentence imposed was illegal on its face. The second petition was also denied, and appellant timely filed a notice of appeal as to that order as well.

The appeal from the two orders was lodged in this court, and both appellant and the appellee State have filed a brief. This court has held that it will not reverse the circuit court's decision under section 16-90-111 unless that decision is clearly erroneous. *DeLoach v. State*, 2010 Ark. 79 (per curiam). The trial court's decision to deny appellant's petitions was not clearly erroneous.

A claim that a sentence is illegal presents an issue of subject-matter jurisdiction that can be addressed at any time. *Hill v. State*, 2013 Ark. 291 (per curiam); *Skinner v. Hobbs*, 2011 Ark. 383 (per curiam); *see Culbertson v. State*, 2012 Ark. 112 (per curiam). Arkansas Code Annotated section 16-90-111(a) provides authority to a trial court to correct an illegal sentence at any time. *See Reeves v. State*, 339 Ark. 304, 310, 5 S.W.3d 41, 44 (1999); *Renshaw v. Norris*, 337 Ark. 494, 500, 989 S.W.2d 515, 518 (1999). Accordingly, the trial court had authority to grant relief under the statute if the sentence imposed on appellant was indeed illegal. *Hodges v. State*, 2013 Ark. 299 (per curiam).

In both petitions that appellant filed, he argued that the evidence adduced at trial was insufficient to show that he had in fact been convicted of four or more felonies. He claimed that his sentence was illegal because he was not proven to be a habitual offender with four or more prior felony convictions who was subject to an enhanced sentence.

It should first be noted that sentencing in Arkansas is entirely a matter of statute. *State v. Colvin*, 2013 Ark. 203, ___ S.W.3d ___; *Glaze v. State*, 2011 Ark. 464, 385 S.W.3d 203. No

sentence shall be imposed other than as prescribed by statute. *Maldonado v. State*, 2009 Ark. 432. A void or illegal sentence is one that is illegal on its face. *Lovelace v. State*, 301 Ark. 519, 785 S.W.2d 212 (1990); *Fritts v. State*, 298 Ark. 533, 768 S.W.2d 541 (1989). A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Lovelace*, 301 Ark. 519, 785 S.W.2d 212; *Fritts*, 298 Ark. 533, 768 S.W.2d 541. If a sentence is within the limits set by statute, it is legal. *Davis v. State*, 2013 Ark. 189 (per curiam).

The sentence imposed on appellant was within the statutory range for the offense. Sexual assault in the first degree was a Class A felony when appellant committed the offense in 2006. Ark. Code Ann. § 5-14-124(d) (Repl. 2006). In 2006, a Class A felony committed by a defendant with four or more prior felony convictions was punishable by a term of imprisonment of not less than six years nor more than 60 years. Ark. Code Ann. § 5-4-501(b)(2)(B) (Repl. 2006). Appellant's sentence of 660 months (55 years) was within that range.

When a sentence is within statutory range, neither the process by which the defendant was determined to be a habitual offender nor the validity of the individual prior felony judgments renders the judgment-and-commitment order illegal or invalid on its face. *See Turner v. State*, 2012 Ark. 99 (per curiam) (citing *Peterson v. State*, 317 Ark. 151, 876 S.W.2d 261 (1994)). Appellant did not establish that he was entitled to postconviction relief under section 16-90-111.

Affirmed.

*Wesley L. Grissom*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rachel Hurst Kemp*, Ass't Att'y Gen., for appellee.