SLIP OPINION  Cite as 2014 Ark. 149

# SUPREME COURT OF ARKANSAS

No. CR-12-906

| | |
|---|---|
| MICHAEL GILLILAND | **Opinion Delivered** April 3, 2014 |
| APPELLANT | PRO SE APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-08-243] |
| V. | |
| STATE OF ARKANSAS | HONORABLE ED M. KOON, JUDGE |
| APPELLEE | |
| | <u>AFFIRMED</u>. |

## PER CURIAM

In 2009, judgment was entered reflecting that appellant Michael Gilliland had been found guilty by a jury of rape and second-degree sexual assault. He was sentenced to life and 240 months' imprisonment, respectively. We affirmed. *Gilliland v. State*, 2010 Ark. 135, 361 S.W.3d 279.

Appellant subsequently filed in the trial court a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009). The petition was denied, and this court affirmed the order. *Gilliland v. State*, 2012 Ark. 175.

In 2012, appellant filed in the trial court a pro se petition to correct the sentence on the ground that it was imposed in an illegal manner. The petition, which was filed pursuant to Arkansas Code Annotated section 16-90-111 (Supp. 2006), was denied. Now before us is appellant's pro se appeal from the order.

We have held that a trial court's decision to deny relief under section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Grissom v. State*, 2013 Ark. 417 (per

SLIP OPINION

curiam); *DeLoach v. State*, 2010 Ark. 79 (per curiam). The trial court's decision in this case was not clearly erroneous.

Appellant contended in his petition that he was denied a prompt first appearance following his arrest; his attorney did not render effective assistance; the trial court erred when it denied his motion to dismiss the charges; the charging instrument was deficient; the jury was misled as to the nature of the charges against him; the jury instructions were incorrect; the prosecuting attorney inflamed the jury with his remarks; he was subjected to double jeopardy by being convicted of both rape and sexual assault; he was denied the right to confront his accusers; he was prejudiced by testimony intended to suggest he had bad character; and the court was without jurisdiction to amend the judgment-and-commitment order in the case. Appellant concluded the petition with the request that the trial court reduce his sentence.

With respect to the claims that directly alleged ineffective assistance of counsel or could be construed to be complaints concerning counsel's representation, the issues could have been settled under Criminal Procedure Rule 37.1. A petition that states a claim for postconviction relief cognizable under Rule 37.1 is governed by that rule regardless of the label placed on it by a petitioner. *Purifoy v. State*, 2013 Ark. 26 (per curiam). To the extent that a claim is cognizable under the Rule, section 16-90-111 has been superseded, and any allegation that can be considered under Rule 37.1 is subject to the time limitations contained in the Rule. *Murphy v. State*, 2013 Ark. 243 (per curiam). All issues raised by appellant in the petition that were allegations of ineffective assistance of counsel could have been raised in a timely petition under the Rule; accordingly, the allegations did not present grounds for relief under section 16-90-111.

*See Hickman v. State*, 2012 Ark. 359 (per curiam). Arkansas Rule of Criminal Procedure 37.2(c) requires that, when the judgment in a case has been affirmed by the appellate court, a petition under the Rule must be filed within sixty days of the date that the mandate following affirmance of the judgment was issued. Ark. R. Crim. P. 37.2(c)(ii). Appellant filed his petition far outside the sixty-day period. The time limitations imposed in Rule 37.2(c) are jurisdictional in nature; if they are not met, a trial court lacks jurisdiction to grant postconviction relief. *Talley v. State*, 2012 Ark. 314 (per curiam); *Benton v. State*, 325 Ark. 246, 925 S.W.2d 401 (1996) (per curiam). The section 16-90-111 petition before the trial court was not timely filed with respect to the allegations cognizable under the Rule, and the trial court, thus, had no jurisdiction to grant the relief sought. When the trial court lacks jurisdiction, the appellate court also lacks jurisdiction. *Mason v. State*, 2014 Ark. 29 (per curiam).

Likewise, the claims of trial error raised by appellant were not cognizable under section 16-90-111 inasmuch as the statute does not provide a means to address trial error. Even appellant's assertions of constitutional error were not cognizable under section 16-90-111. *See Stanley v. State*, 2013 Ark. 483 (per curiam). Trial error is a matter to be addressed during trial and on the record on direct appeal from the judgment. *Id.*; *Ybarra v. State*, 2013 Ark. 423 (per curiam).

As to the claim that the sentence was illegal because the trial court was without jurisdiction to enter an amended order in the case, a claim that a sentence is illegal presents an issue of subject-matter jurisdiction that can be addressed at any time. *Hill v. State*, 2013 Ark. 291 (per curiam); *Skinner v. Hobbs*, 2011 Ark. 383 (per curiam); *see Culbertson v. State*, 2012 Ark. 112

(per curiam). Arkansas Code Annotated section 16-90-111(a) provides authority to a trial court to correct an illegal sentence at any time. *See Reeves v. State*, 339 Ark. 304, 310, 5 S.W.3d 41, 44 (1999); *Renshaw v. Norris*, 337 Ark. 494, 500, 989 S.W.2d 515, 518 (1999). For that reason, the trial court had authority to grant relief under the statute if the sentence imposed on appellant was indeed illegal. *Hodges v. State*, 2013 Ark. 299 (per curiam).

As stated, appellant was sentenced to life imprisonment for rape and 240 months' imprisonment for second-degree sexual assault. Sentencing in Arkansas is entirely a matter of statute. *State v. Colvin*, 2013 Ark. 203, ___ S.W.3d ___; *Glaze v. State*, 2011 Ark. 464, 385 S.W.3d 203. No sentence shall be imposed other than as prescribed by statute. *Maldonado v. State*, 2009 Ark. 432. A void or illegal sentence is one that is illegal on its face. *Lovelace v. State*, 301 Ark. 519, 785 S.W.2d 212 (1990); *Fritts v. State*, 298 Ark. 533, 768 S.W.2d 541 (1989). A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Lovelace*, 301 Ark. 519, 785 S.W.2d 212; *Fritts*, 298 Ark. 533, 768 S.W.2d 541. If a sentence is within the limits set by statute, it is legal. *Grissom*, 2013 Ark. 417.

Rape is a Class Y felony that can be punished by life imprisonment. Ark. Code Ann. §§ 5-14-103(c)(1) (Supp. 2009); 5-4-401(a)(1) (Repl. 2006). Second-degree sexual assault is a Class B felony with a sentencing range of 60 months to 240 months' imprisonment. Ark. Code Ann. §§ 5-14-125(b)(1) (Supp. 2009); 5-4-401(a)(3) (Repl. 2006). The sentences imposed on appellant were, thus, within the statutory range and were not illegal sentences. Also, appellant did not argue that the sentences were excessive, only that the sentences were imposed in an illegal manner, but his arguments were concerned with trial error and claims of ineffective assistance

of counsel that were not sufficient to demonstrate that the sentences were imposed in an illegal manner.

Moreover, the trial court ruled that appellant's petition was not timely filed, and we find no error in that ruling. As noted, if considered as a petition for postconviction relief under Rule 37.1, the petition did not comply with the time restrictions for proceeding under the Rule set out in Rule 37.2(c)(i). To the extent that any of the issues raised were cognizable in a petition under section 16-90-111 to correct a sentence illegally imposed, section 16-90-111(a) permits a trial court to correct a sentence imposed in an illegal manner within the time allowed under the statute for a reduction of sentence, and section 16-90-111(b)(1) requires that an order under the statute that reduces a sentence must be entered within ninety days after the sentence is imposed or within sixty days after receipt by the court of a mandate affirming the judgment or dismissal of the appeal. Ark. Code Ann. § 16-90-111; *see also Reynolds v. State*, 2011 Ark. 5 (per curiam). Here, appellant did not file his petition within sixty days of the date of the mandate in his case.

Affirmed.

*Michael Gilliland*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.