

Cite as 2014 Ark. 393

# SUPREME COURT OF ARKANSAS

No. CR-12-533

| | |
|---|---|
| | **Opinion Delivered** September 25, 2014 |
| MARCUS TERRELL ATKINS<br>APPELLANT | PRO SE APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-07-102] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE CHRIS E WILLIAMS, JUDGE |
| | AFFIRMED. |

## PER CURIAM

In 2007, appellant Marcus Terrell Atkins was found guilty by a jury of first-degree battery, kidnapping, being a felon in possession of a firearm, and use of a firearm in commission of a felony. An aggregate sentence of 480 months' imprisonment was imposed. The Arkansas Court of Appeals affirmed. *Atkins v. State*, 2009 Ark. App. 124, 302 S.W.3d 635.

Subsequently, appellant timely filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2007). The petition was denied. No appeal was taken, and this court ultimately granted leave for appellant to proceed with a belated appeal from the order. *Atkins v. State*, 2010 Ark. 392 (per curiam). On appeal, this court affirmed the order of the trial court. *Atkins v. State*, 2011 Ark. 398 (per curiam).

In 2012, appellant filed in the trial court a pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2006), alleging that the trial court erred by sentencing him, itself, to fifteen years' imprisonment for commission of a felony with a firearm pursuant to Arkansas Code Annotated section 16-90-120 (Repl. 2006) rather than allowing the jury to determine if the sentence should be imposed. Appellant further alleged that

SLIP OPINION

his attorney was ineffective for failing to object to the court's action. He sought to have the fifteen-year sentence vacated on the ground that it was illegal. The trial court dismissed the petition, and appellant brings this appeal.

This court has held that it will reverse the circuit court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Paige v. State*, 2013 Ark. 432 (per curiam); *Pankau v. State*, 2013 Ark. 162. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 494. We find no error and affirm the order.

First, appellant raised the claim of ineffective assistance of counsel concerning the trial court's decision not to submit the sentencing issue to the jury in his Rule 37.1 petition. On appeal from the Rule 37.1 order, we held that appellant had not demonstrated that his attorney was remiss, noting that one of appellant's codefendants, Kyron Watkins, had raised the same issue in his Rule 37.1 petition and we had affirmed the order denying relief in *Watkins v. State*, 2010 Ark. 156, 326 S.W.3d 910 (per curiam). *Atkins*, 2011 Ark. 398. Moreover, even if the issue had not already been raised under Rule 37.1, section 16-90-111 does not provide a means to mount a collateral challenge to a judgment on the ground of ineffective assistance of counsel. *Murphy v. State*, 2013 Ark. 243 (per curiam).

With respect to appellant's assertion that the trial court erred in not submitting the sentencing issue to the jury, claims of mere trial error are not within the purview of section 16-90-111 inasmuch as the statute does not provide a means to address trial error. *See Gilliland v.*

*State*, 2014 Ark. 149 (per curiam) (Assertions of constitutional error were not cognizable under section 16-90-111.). Trial error is a matter to be addressed during trial and on the record on direct appeal from the judgment. *Id.*; *Ybarra v. State*, 2013 Ark. 423 (per curiam).

As to the claim that the sentence was illegal, a claim that a sentence is illegal presents an issue of subject-matter jurisdiction that can be addressed at any time. *Hill v. State*, 2013 Ark. 291 (per curiam); *Skinner v. Hobbs*, 2011 Ark. 383 (per curiam); *see Culbertson v. State*, 2012 Ark. 112 (per curiam). Arkansas Code Annotated section 16-90-111(a) provides authority to a trial court to correct an illegal sentence at any time. *See Reeves v. State*, 339 Ark. 304, 5 S.W.3d 41 (1999); *Renshaw v. Norris*, 337 Ark. 494, 989 S.W.2d 515 (1999). For that reason, the trial court had authority to grant relief under the statute if the sentence imposed on appellant was indeed illegal. *Hodges v. State*, 2013 Ark. 299 (per curiam).

Here, appellant did not claim that the fifteen-year sentence was outside statutory bounds. Section 16-90-111(a) provides that any person convicted of any offense that is classified by the laws of this state as a felon who employed any firearm of any character as a means of committing or escaping from the felony, in the discretion of the sentencing court, may be subjected to an additional period of confinement in the state penitentiary for a period not to exceed fifteen years. Accordingly, the sentence was not excessive, and appellant did not establish that it was illegal. Sentencing in Arkansas is entirely a matter of statute. *State v. Colvin*, 2013 Ark. 203, 427 S.W.3d 635; *Glaze v. State*, 2011 Ark. 464, 385 S.W.3d 203. No sentence shall be imposed other than as prescribed by statute. *Maldonado v. State*, 2009 Ark. 432. A void or illegal sentence is one that is illegal on its face. *Lovelace v. State*, 301 Ark. 519, 785 S.W.2d 212

3

(1990); *Fritts v. State*, 298 Ark. 533, 768 S.W.2d 541 (1989). A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Lovelace*, 301 Ark. 519, 785 S.W.2d 212; *Fritts*, 298 Ark. 533, 768 S.W.2d 541. If a sentence is within the limits set by statute, it is legal. *Grissom v. State*, 2013 Ark. 417 (per curiam).

Affirmed.

*Marcus Terrell Atkins*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.