

# SUPREME COURT OF ARKANSAS

No. CR-14-290

| | |
|---|---|
| RICKY LYNN LENARD, SR.<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** November 13, 2014<br><br>PRO SE MOTION TO OBJECT FOR EXTENSION OF BRIEF TIME AND PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NOS. 35CR-05-1252, 35CR-11-288, 35CR-13-207]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>ORDER AFFIRMED; MOTION MOOT. |

**PER CURIAM**

In July 2012, appellant Ricky Lynn Lenard, Sr., entered a negotiated plea of guilty in case number 35CR-11-288 in the Jefferson County Circuit Court to charges of felony theft of property and criminal mischief, and he was sentenced to 60 months' probation. In May 2013, appellant entered a negotiated guilty plea to violation of his probation terms in 35CR-11-288 and to failing to register as a sex offender in case number 35CR-13-207. He was sentenced to concurrent terms of 60 months' imprisonment on each of the three counts. The sentencing order reflected that the sentence was also to run concurrent with a "parole violation" and that appellant committed an aggravated sex offense and was alleged to be a sexually violent predator. After appellant filed a motion to correct clerical mistake and motion for credit for time spent in custody, an amended sentencing order was entered on July 15, 2013, which removed the sex-offender indicators, provided for 86 days of jail-time credit, and clarified that the sentence was

to run concurrently with the parole violation in case number 35CR-05-1252. Noting that the errors in the sentencing order had been corrected, the trial court then denied the motions.

On August 19, 2013, appellant filed a pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Supp. 2006), arguing, in part, that his sentence was illegal because the amended sentencing order did not address the allegations raised in his motions denied by the trial court. In its response, the State provided a detailed account of appellant's jail time to support its allegation that appellant was entitled to only 46 days of jail-time credit instead of the 86 days reflected in the amended sentencing order because the additional days were incorrectly credited to appellant. On September 10, 2013, a second amended sentencing order providing for 46 days of jail-time credit was entered.

The trial court denied the petition to correct an illegal sentence with prejudice, and appellant lodged an appeal of that order in this court. Both appellant and the State have filed timely briefs. Now before us is appellant's motion objecting to an extension of brief time for the State. As it is clear from the record and the filed briefs that appellant could not prevail if the appeal were permitted to go forward, the order is affirmed, and the motion is moot.

In his petition, appellant alleged that his sentence is illegal because, pursuant to plea negotiations, his aggregate sentence should have been "back dated" to begin running on a date that is unclear from a reading of the petition; the trial court failed to award him jail-time credit for time that he spent in jail based on the charges in 35CR-11-288; his parole violation in 35CR-05-1252 was not addressed during court proceedings; he only agreed to "dismiss" his motion to dismiss the probation-revocation charge as part of plea negotiations, and the amended

sentencing order did not reflect the plea agreement; the first amended sentencing order did not include the necessary corrections; and the first amended sentencing order indicated that he had not been found guilty of an offense requiring registration as a sex offender, but one of the counts to which he pled guilty was the failure to register as a sex offender.[1]

This court has held that it will reverse the trial court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Paige v. State*, 2013 Ark. 432 (per curiam); *Pankau v. State*, 2013 Ark. 162. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 494. We find no error and affirm the order.

Arkansas Code Annotated section 16-90-111(a) provides authority for a trial court to correct an illegal sentence at any time. *See Gilliland v. State*, 2014 Ark. 149 ( per curiam); *Reeves v. State*, 339 Ark. 304, 310, 5 S.W.3d 41, 44 (1999); *Renshaw v. Norris*, 337 Ark. 494, 500, 989 S.W.2d 515, 518 (1999). Sentencing in Arkansas is entirely a matter of statute. *State v. Colvin*, 2013 Ark. 203, 427 S.W.3d 635; *Glaze v. State*, 2011 Ark. 464, 385 S.W.3d 203. No sentence shall be imposed other than as prescribed by statute. *Maldonado v. State*, 2009 Ark. 432. A void or illegal sentence is one that is illegal on its face. *Hodges v. State*, 2013 Ark. 299 (per curiam); *Lovelace v. State*, 301 Ark. 519, 785 S.W.2d 212 (1990); *Fitts v. State*, 290 Ark. 53, 768 S.W.2d 541 (1989). A sentence is illegal on its face when it exceeds the statutory maximum for the offense

---

[1]All arguments made below but not raised on appeal are abandoned. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam); *Shipman v. State*, 2010 Ark. 499 (per curiam) (citing *State v. Grisby*, 370 Ark. 66, 257 S.W.3d 104 (2007)).

for which the defendant was convicted. *Hodges*, 2013 Ark. 299; *Lovelace*, 301 Ark. 519, 785 S.W.2d 212; *Fritts*, 298 Ark. 533, 768 S.W.2d 541; *see Richie v. State*, 2009 Ark. 602, 357 S.W.3d 909 ("When the sentence is given within the maximum prescribed by law, the sentence is not illegal, because the court has the authority to impose it."). If a sentence is within the limits set by statute, it is legal. *Atkins v. State*, 2014 Ark. 393, 441 S.W.3d 19 (per curiam).

On appeal, appellant first alleges that the trial court failed to rule on a motion to dismiss the probation-violation charge in 35CR-11-288, stating that he argued in the motion that the charge must be dismissed because a probation-revocation hearing was not held within sixty days of the date of his arrest, as required by Arkansas Code Annotated section 5-4-310(b)(2) (Repl. 2006).[2] This argument is not the same as the allegation raised by appellant in the petition. There, appellant's allegations were based on plea negotiations, claiming that he only agreed to "dismiss" his motion to dismiss the probation-violation charge as part of these negotiations and that the amended sentencing order did not reflect his plea agreement.

A claim that a sentence is illegal presents an issue of subject-matter jurisdiction that can be raised at any time. *Gilliland*, 2014 Ark. 149; *Stanley v. State*, 2013 Ark. 483 (per curiam); *Skinner v. Hobbs*, 2011 Ark. 383 (per curiam); *see Culbertson v. State*, 2012 Ark. 112 (per curiam). However, the claim, as advanced by appellant on appeal, does not allege an illegal sentence of the type that is jurisdictional in nature. Appellant does not allege that the sentence imposed was in excess of the statutory range for the charged crimes. To the extent that appellant is raising the argument

---

[2]The General Assembly repealed section 5-4-310 by Act 570, section 12 of 2011. The provisions of the former statute in revised form now appear at Arkansas Code Annotated section 16-93-307 (Supp. 2013). *See* Act of Mar. 22, 2011, No. 570, § 90, 2011 Ark. Acts 1851, 1970.

on appeal that the trial court was without jurisdiction, any failure to hold a revocation hearing within sixty days of the date of arrest does not implicate the jurisdiction of the trial court. *See Wesson v. Hobbs*, 2014 Ark. 285 (per curiam) (holding appellant's claim that he was not afforded a timely revocation proceeding was not a ground for a writ of habeas corpus because there was no jurisdictional defect created by the delay); *Haskins v. State*, 264 Ark. 454, 572 S.W.2d 411 (1978) (holding the requirement that a revocation hearing must be held within sixty days of the date of arrest was not intended by the General Assembly to be jurisdictional, and the failure to demand a hearing within the sixty-day period waived the right to insist on a timely hearing). Accordingly, appellant fails to demonstrate that the sentence was illegal based on any delay in holding the revocation hearing. To the extent that appellant is attempting to argue on appeal that the sentence was imposed in an illegal manner based on the trial court's failure to address his motion to dismiss the probation-violation charges, appellant cannot raise this issue for the first time on appeal. A claim that a sentence was imposed in an illegal manner must be raised in a petition filed with the trial court. *See Richie*, 2009 Ark. 602, 357 S.W.3d 909.

Appellant also summarily alleges for the first time on appeal that his right to a probable-cause hearing was denied in 35CR-13-207. Again, appellant fails to state an illegal-sentence claim, and a claim that the sentence was imposed in an illegal manner must first be raised in the trial court. *See id.*

Appellant next alleges, as he did in his petition, that the amended sentencing order does not reflect his plea agreement that the aggregate sentence would be "back dated" to his "previous sentence" imposed in a case. The allegation is unclear and inconsistent based on a

reading of appellant's brief-in-chief and reply brief.[3] Moreover, the first and second amended sentencing orders reflect that the sentence in 35CR-11-288 and 35CR-13-207 would run concurrent with the sentence for parole violation in 35CR-05-1252, and appellant does not offer any showing in support of an illegal-sentence claim that the sentences imposed on him were outside the range allowed by statute. To the extent that appellant is attempting to state a claim that the aggregate sentence was imposed in an illegal manner based on plea negotiations, there is nothing in the record or our criminal statutes to support appellant's argument based on an agreement to "back date" his sentence. Appellant's failure to develop this argument precludes review of the issue. *See Anthony v. State*, 2014 Ark. 195 (per curiam). Further, Arkansas Code Annotated section 5-4-403(b) (Repl. 2006) specifically provides that, when a sentence is imposed on a defendant who has previously been sentenced to imprisonment, "the subsequent sentence shall run concurrently with any *undischarged portion* of the previous sentence," unless the court imposing the subsequent sentences orders it to run consecutively with the previous sentence.

Appellant also refers to the jail-time credit, as amended in the sentencing orders, and he summarily alleges that "jail logs can verify my jail credits." However, appellant, in his brief, does

---

[3]In support of his argument, appellant refers to a hearing transcript, which is not included in the record before us, and he requests that this court request a copy of the "original agreement" as to when his sentence would begin running Appellant has not filed a motion for writ of certiorari that requests either the hearing transcript or a copy of the referenced agreement. A petitioner who seeks relief in this court has the burden to bring up a sufficient record upon which to grant relief. *Greene v. State*, 2013 Ark. 251 (per curiam); *Jackson v. State*, 2012 Ark. 41 (per curiam). It is well settled that an appellant bears the burden of producing a record demonstrating error. *Greene*, 2013 Ark. 251; *Jackson*, 2012 Ark. 41. Pro se litigants are held to the same standards as licensed attorneys with respect to producing a record sufficient to show error. *See Brown v. Gibson*, 2012 Ark. 285, 423 S.W.3d 34 (per curiam); *Lucas v. Jones*, 2012 Ark. 365, 423 S.W.3d 580. A pro se appellant receives no special consideration on appeal. *McDaniel v. Hobbs*, 2013 Ark. 107 (per curiam).

SLIP OPINION

not develop any argument or provide any evidence to support a claim of additional credit. A request for jail-time credit is a request for modification of a sentence imposed in an illegal manner, not an allegation of an illegal sentence. *Bumgardner v. Hobbs*, 2014 Ark. 78 (per curiam). Thus, appellant fails to state an illegal-sentence claim. To the extent that appellant is attempting to allege that he is entitled to a modification of a sentence imposed in an illegal manner, his failure to develop the argument on appeal precludes review of the issue. *Anthony*, 2014 Ark. 195.

In the conclusion of his brief, appellant summarily states that a sentence cannot be amended if it is "legal upon its face" and that the trial court changed the sentencing order several times. Appellant is likely referring to a trial court's lack of jurisdiction to modify, amend, or revise a valid sentence once it has been put into execution. *See Denson v. State*, 2013 Ark. 209 (per curiam). Here, because the trial court did not amend or modify appellant's sentence in the amended sentencing orders, it did not act outside its jurisdiction in amending the sentencing orders.[4]

Order affirmed; motion moot.

*Ricky Lynn Lenard, Sr.*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

---

[4]Any claim raised by appellant for the first time in his reply brief is not considered on appeal. This court will not consider arguments raised for the first time in appellant's reply brief because the appellee is not given a chance to rebut the argument. *Smith v. Hobbs*, 2014 Ark. 270 (per curiam).