Cite as 2023 Ark. App. 566

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-22-268

|  |  |  |
|---|---|---|
| MIKATO FULKS | | Opinion Delivered December 6, 2023 |
| | APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CR-21-257] |
| V. | | |
| | | HONORABLE JOANNA TAYLOR, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## WENDY SCHOLTENS WOOD, Judge

Mikato Fulks appeals the Washington County Circuit Court's October 4, 2021 amended sentencing order convicting him of possession of a controlled substance with the purpose to deliver pursuant to Arkansas Code Annotated section 5-64-420(b)(3) (Repl. 2016) and sentencing him to a term of fifteen years' imprisonment.[1] Fulks's sole point on appeal is that his sentence is illegal because the circuit court applied the incorrect statutory sentencing range. We affirm.

---

[1]Fulks was also convicted of possession of a controlled substance with purpose to deliver pursuant to Arkansas Code Annotated section 5-64-424(b)(3)(A) (Repl. 2016) and possession of drug paraphernalia pursuant to Arkansas Code Annotated section 5-64-443(b) (Supp. 2019). For these convictions, he was sentenced to concurrent terms of fifteen years' imprisonment and five years' imprisonment, respectively. Fulks does not challenge these convictions or sentences in this appeal.

In its second amended information, the State charged Fulks with a Class A felony, alleging that he unlawfully possessed "Cocaine and Methamphetamine with the purpose to deliver, in an amount of ten grams (10g) or more but less than two hundred grams (200g), in violation of ACA § 5-64-420(b)(3)." The information specified that Fulks possessed "approximately 20.9133 grams . . . of cocaine and a usable amount of approximately 1.4504 grams . . . of methamphetamine . . . [.]" In addition, the information alleged that Fulks is a habitual offender under Arkansas Code Annotated section 5-4-501(b)(1)(A), (2)(B) (Supp. 2023), with four or more prior felony convictions.

At a jury trial on September 29–30, 2021, the State presented testimony demonstrating that Fayetteville police officers arrested Fulks on January 12 after one of the officers saw Fulks dispose of drug paraphernalia and controlled substances on the street. A drug task-force officer from Prairie Grove testified that he processed and submitted the drug paraphernalia and multiple packages of controlled substances to the Arkansas State Crime Laboratory (ASCL) for forensic testing. A forensic chemist with the ASCL testified that the results of his testing confirmed that one of the packages consisted of 13.9711 grams of cocaine blended with cutting agents. The chemist further testified that he tested one pill from each of two additional packages, both of which contained several pills. The first pill he tested contained methamphetamine, and the second pill contained fentanyl. The forensic chemist did not state the weight of the pill containing methamphetamine, but the report of his test results was introduced into evidence and

indicated the pill weighed 0.1437 grams and was part of a collection of nine pills that weighed 1.3067 grams.

After the close of all the evidence, the court instructed the jury that Fulks was charged with "the offense of possession of cocaine and methamphetamine with the purpose to deliver." Following deliberations, the jury returned a verdict finding Fulks guilty of "Possession of Cocaine and Methamphetamine, each a Schedule II Controlled Substance with the Purpose to Deliver and found that the cocaine and methamphetamine, by aggregate weight, . . . was at least 10 grams but less than 200 grams."

At sentencing, the State introduced evidence that Fulks has previously been convicted of the felony offenses of second-degree murder, three counts of delivery of cocaine, and being a felon in possession of a firearm. In accordance with Arkansas Code Annotated section 5-4-501(b)(1)(A), (2)(B), the circuit court instructed the jury that for possession of "methamphetamine and cocaine with purpose to deliver," Fulks was subject to an extended term of imprisonment of six to sixty years and/or a fine of no more than $15,000. The jury returned a verdict recommending a sentence of fifteen years' imprisonment.

Before the circuit court pronounced a sentence, Fulks's attorney challenged the jury's sentencing recommendation for the conviction of "possession of methamphetamine and cocaine with the purpose to deliver." Noting that the statute prohibited the possession with intent to deliver methamphetamine *or* cocaine, counsel argued that Fulks was "sentenced on the combined methamphetamine and cocaine weight . . . and the statute

3

does not anticipate those two amounts being combined, but rather states that it is one substance or another substance . . . ." On that basis, he asserted that "any sentence to that charge . . . would be illegal."

After reviewing the jury's sentencing verdict and the results of forensic testing by the ASCL, the circuit court ruled that because the evidence demonstrated that the weight of the cocaine Fulks possessed exceeded ten grams, the sentence the jury recommended was supported by its finding of guilt on the basis of possession of cocaine alone. The court imposed the fifteen-year sentence as recommended by the jury and entered its amended sentencing order on October 4. This appeal followed.

There is no dispute that the information, jury instruction, and verdict form erroneously characterized section 5-64-420 as prohibiting the possession of cocaine "and" methamphetamine. The statute plainly sets forth a scheme in which the possession of different amounts of cocaine "or" methamphetamine will constitute offenses of different felony classifications depending on the amount possessed. But Fulks made no objection to this erroneous characterization at any point in the trial below.[2] And Fulks does not dispute this. Fulks makes it clear that he is not challenging the validity of the charge or the jury instructions. Rather, he asserts that the circuit court imposed an illegal sentence. We address Fulks's illegal-sentence issue accordingly. *See Cantrell v. State*, 2009 Ark. 456, at 9– 11, 343 S.W.3d 591, 596–97 (rejecting the State's assertion that the appellant's illegal-

---

[2]This may have been a tactical decision because Fulks could have also been charged with a Class C felony for possession of methamphetamine with the purpose to deliver.

sentence argument—premised on the failure to include a habitual-offender allegation in the criminal information—constituted an unpreserved due-process issue involving the information where the appellant pointed to a specific sentencing statute that the circuit court violated when it rejected the jury's sentencing recommendation).

On review of the legality of a sentence, we must determine whether the circuit court had the authority to impose a particular sentence and not whether the sentence is illegal on its face or within the prescribed statutory range. *Glaze v. State*, 2011 Ark. 464, at 7, 385 S.W.3d 203, 209. The touchstone for determining whether a sentence is illegal or void is the circuit court's "authority to act." *Id.*, 385 S.W.3d at 209. A sentence is illegal if the circuit court is without the authority to impose it, even if on its face it is within the statutory range. *Id.*, 385 S.W.3d at 209. Because sentencing is entirely a matter of statute, the circuit court has the authority to impose a particular sentence only when it complies with the applicable statute. *Id.*, 385 S.W.3d at 209. "Where the law does not authorize the particular sentence pronounced by a trial court, the sentence is unauthorized and illegal, and the case must be reversed and remanded." *Id.* at 7–8, 385 S.W.3d at 209 (citing *State v. Joslin*, 364 Ark. 545, 548, 222 S.W.3d 168, 170 (2006)). This court views the assertion of an illegal sentence similarly to a problem of subject-matter jurisdiction in that it reviews the issue regardless of whether an objection was made in the circuit court. *Jones v. State*, 83 Ark. App. 195, 198–99, 119 S.W.3d 70, 72 (2003).

Two statutes are at issue in Fulks's appeal. The first is Arkansas Code Annotated section 5-64-420, which provides:

(a) Except as provided by this chapter, it is unlawful if a person possesses methamphetamine or cocaine with the purpose to deliver the methamphetamine or cocaine. Purpose to deliver may be shown by any of the following factors:

(1) The person possesses the means to weigh, separate, or package methamphetamine or cocaine;

. . . .

(5) The person possesses at least two (2) other controlled substances in any amount;

. . . .

(6)(b) A person who violates this section upon conviction is guilty of a:

(1) Class C felony if the person possessed less than two grams (2g) of methamphetamine or cocaine by aggregate weight, including an adulterant or diluent;

(2) Class B felony if the person possessed two grams (2g) or more but less than ten grams (10g) of methamphetamine or cocaine by aggregate weight, including an adulterant or diluent; or

(3) Class A felony if the person possessed ten grams (10g) or more but less than two hundred grams (200g) of methamphetamine or cocaine by aggregate weight, including an adulterant or diluent.

Ark. Code Ann. § 5-64-420 (Repl. 2016). The second statute—the habitual-offender-sentencing statute—provides that a defendant who has been convicted of four or more felonies or has been found guilty of four or more felonies may be subject to an extended term of imprisonment. Ark. Code Ann. § 5-4-501(b)(1) (Supp. 2019). Under the habitual-offender statute and relevant to this appeal, the term of imprisonment for a Class A felony is six to sixty years, and the term of imprisonment for a Class C felony is six to thirty years. Ark. Code Ann. § 5-4-501(b)(2)(B), (D).

6

On appeal, Fulks argues that section 5-64-420 makes it unlawful to possess methamphetamine *or* cocaine and authorizes consideration of the weight of one substance or the other—not both substances in the aggregate. However, he contends that because he was convicted of possession of methamphetamine *and* cocaine, these are two discrete felony offenses—a Class A felony for possession of more than ten grams of cocaine and a Class C felony for possession of less than two grams of methamphetamine—and the circuit court should have blended the two applicable sentencing ranges and created a "hybrid" sentencing range of six to thirty years' imprisonment.[3] He asserts that the circuit court erred in submitting the offense to the jury "as solely a Class A felony" with an enhanced sentencing range of six to sixty years and that the resulting fifteen-year sentence is illegal.

We hold that Fulks's sentence is not illegal because the circuit court had the authority to impose it. The amended sentencing order provides that Fulks was convicted of possession of a Schedule II controlled substance with the purpose to deliver pursuant to section 5-64-420(b)(3) and was sentenced to fifteen years' imprisonment. This statute makes it unlawful to possess methamphetamine or cocaine with the purpose to deliver methamphetamine or cocaine and classifies it as a Class A felony if the person possessed ten grams or more but less than two hundred grams of methamphetamine or cocaine. Ark. Code Ann. § 5-64-420(b)(3). The record reveals that Fulks committed a Class A felony

---

[3]Fulks contends that the "hybrid" felony classification for his offense requires resentencing under a range that combines the minimum habitual-offender sentence of six years for a Class A felony under section 5-4-501(b)(2)(B) and the maximum habitual-offender sentence of thirty years for a Class C felony under section 5-4-501(b)(2)(D).

violation of section 5-64-420(b)(3) because the uncontroverted evidence was that the aggregate cocaine weighed 13.9711 grams. The evidence also demonstrates that Fulks was subject to an extended term of imprisonment as a habitual offender, and the applicable sentencing range for the Class A felony was six to sixty years' imprisonment. Ark. Code Ann. § 5-4-501(b)(2)(B). Fulks's fifteen-year sentence falls within that range and is legal. Therefore, the only argument presented on appeal regarding an illegal sentence fails.

Neither Arkansas Code Annotated section 5-64-420 nor section 5-4-501 supports Fulks's "hybrid" sentencing-range argument. The only authority cited by Fulks in support of this argument is *Glaze*. Glaze was sentenced to twenty-five years' imprisonment as a habitual offender pursuant to Arkansas Code Annotated section 16-90-201 (Repl. 2006). 2011 Ark. 464, at 1, 385 S.W.3d at 206–07. Because the State proved that Glaze had four previous felony convictions, the sentencing range for Glaze's offense under that enhanced sentencing statute was twenty to thirty years' imprisonment. *Id.* at 3, 385 S.W.3d at 206. On appeal, Glaze argued that his sentence was illegal because the circuit court sentenced him pursuant to section 16-90-201 and that the statute was repealed by implication when the Criminal Code, under which Glaze had been charged, was enacted. *Id.* at 6, 385 S.W.3d at 208. The applicable enhancement statute under the Criminal Code—Arkansas Code Annotated section 5-4-501—provided a different enhanced sentencing range for Glaze's conviction: five to forty years' imprisonment. *Id.* at 12–13, 385 S.W.3d at 212.

The Arkansas Supreme Court held that section 5-4-501 covered the same subject matter as section 16-90-201 and that the two statutes could not be read harmoniously

because the sentencing ranges conflicted, resulting in a repeal by implication of the statute under which Glaze had been sentenced. *Id.* at 13, 385 S.W.3d at 212. The supreme court also held that Glaze could raise the issue for the first time on appeal, and the fact that he received a sentence that fell within the sentencing range under both enhancement statutes was irrelevant because the applicable enhanced sentencing range under the Criminal Code provided a different range of sentencing possibilities. *Id.*, 385 S.W.3d at 212. Because the supreme court held that the sentence was illegal, it reversed and remanded for resentencing under section 5-4-501. *Id.*, 385 S.W.3d at 212.

*Glaze* is inapposite. Fulks's case does not involve two statutes that impose different sentencing ranges for his conviction. Moreover, to the extent Fulks is attempting to create a conflict—like the conflicting statutes in *Glaze*—by assigning his conviction a "hybrid" felony classification under Arkansas Code Annotated section 5-64-420, we have already explained that the statute provides no support for the argument. Fulks was convicted of a Class A felony offense and was sentenced in accordance with that conviction under the habitual-offender statute.

In sum, Fulks has presented no citation to authority or convincing argument in support of his "hybrid" sentencing-range argument or his contention that his sentence is illegal. Our courts have made it clear that they will not consider an argument when the appellant presents no citation to authority or convincing argument in its support, and it is not apparent without further research that the argument is well taken. *Hollis v. State*, 346 Ark. 175, 179, 55 S.W.3d 756, 759 (2001); *Beth's Bail Bonds, Inc. v. State*, 2016 Ark. App.

171, at 3, 486 S.W.3d 240, 241. The circuit court's sentence was authorized by sections 5-64-420(b)(3) and 5-4-501(b)(1)(A), (2)(B); thus, it is not illegal.

Affirmed.

ABRAMSON and HIXSON, JJ., agree.

*Ben Motal*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.