Cite as 2024 Ark. App. 546

# ARKANSAS COURT OF APPEALS
## DIVISION IV
No. CR-24-106

|  |  |  |
|---|---|---|
| TIMOTHY BLACK | | Opinion Delivered  November 6, 2024 |
| | APPELLANT | APPEAL FROM THE LOGAN COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 42PCR-22-52] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JERRY DON RAMEY, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

### RITA W. GRUBER, Judge

Timothy Black appeals from the August 28, 2023 Logan County Circuit Court order sentencing him to an aggregate of fifteen years' incarceration. His sole point on appeal is that the circuit court imposed an illegal sentence. We affirm.

## I. *Background*

Black was tried and convicted by a jury of one count of misdemeanor theft of property and one count of breaking or entering, a Class D felony. During the sentencing phase, the circuit court instructed the jury that Black is a habitual offender who is subject to an extended term of imprisonment due to his eight prior felony convictions. Specifically, the jury was instructed:

> The offense of Breaking or Entering when committed by a habitual offender is punishable by imprisonment in the Arkansas Department of Correction for a term of not more than fifteen (15) years or a fine of not more than $10,000.00 or both a

term of imprisonment not more than fifteen (15) years and a fine of not more than $10,000.00.

The jury recommended a sentence of one year on the theft count, a sentence of fifteen years on the breaking-or-entering count, and no fine on either count. The circuit court imposed the sentences recommended by the jury and ordered the sentences to run concurrently. This appeal followed.

## II. *Standard of Review*

In Arkansas, sentencing is entirely a matter of statute. *Farris v. State*, 2024 Ark. App. 188, at 14, 686 S.W.3d 602, 611. The correct application and interpretation of an Arkansas statute is a question of law, which we decide de novo. *Child v. State*, 2023 Ark. App. 184, at 6, 665 S.W.3d 246, 250.

## III. *Discussion*

Black challenges only the sentence imposed with respect to the felony breaking or entering charge, for which he was sentenced to fifteen years' imprisonment and no fine pursuant to a prior version of the habitual-offender statute. The prior version provided in relevant part that a "defendant meeting the following criteria *may* be sentenced to pay any fine authorized by law for the felony conviction *and* to an extended term imprisonment as set forth in subdivision (b)(2) of this section . . . ." Ark. Code Ann. § 5-4-501(b)(1) (Supp. 2019) (emphasis added). Black initially argued that because the plain language of subdivision (b)(1) authorized a court to sentence a habitual offender to pay a fine *and* to an extended term of imprisonment, the statute did not authorize the court to impose an extended term

2

of imprisonment in the absence of a fine. Black contended that the circuit court erred when it erroneously instructed the jury and imposed the sentence as recommended.

The State responded that Black's arguments failed because they were based on an incorrectly cited law, which Black misinterpreted. In his reply brief, Black conceded that the State's response mooted his statutory-interpretation argument, but he then contended that it operated as an admission that he was improperly sentenced because he was sentenced under an outdated version of the habitual-offender statute. He requests that this case be remanded for resentencing under the correct version of the statute.

Arkansas Code Annotated section § 5-4-501(b)(1) was amended by Act 821 of 2021, with an effective date of July 28, 2021. Act 821 of 2021, § 2. The crimes for which Black was sentenced occurred on April 5, 2022. Thus, because sentencing is in accordance with the law in effect at the time of the crime, the applicable version of the habitual offender statute comes from the 2021 supplement. *See Farris*, *supra*. That version provides, "A defendant meeting the following criteria *may* be sentenced to pay any fine authorized by law for the felony conviction and *shall* be sentenced to an extended term of imprisonment as set forth in subdivision (b)(2) of this section. . . ." Ark. Code Ann. § 5-4-501(b)(1) (Supp. 2021) (emphasis added). The prior version of the statute—the language upon which the jury was instructed and pursuant to which Black was sentenced—did not mandate the extended sentence.

On review of the legality of a sentence, we must determine whether the circuit court had the authority to impose a particular sentence and not whether the sentence is illegal on

3

its face or within the prescribed statutory range. *Glaze v. State*, 2011 Ark. 464, at 7, 385 S.W.3d 203, 209. Because sentencing is entirely a matter of statute, the circuit court has the authority to impose a particular sentence only when it complies with the applicable statute. *Id.*

We hold that Black's sentence is not illegal because the circuit court had the authority to impose the fifteen-year sentence. *See, e.g.*, *Fulks v. State*, 2023 Ark. App. 566, 680 S.W.3d 743 (holding that the circuit court had the statutory authority to sentence defendant to fifteen years' imprisonment; thus, defendant's sentence was not illegal). The sentencing order reflects in relevant part that Black was convicted of breaking or entering, a Class D felony.[1] Ark. Code Ann. § 5-39-202(c) (Repl. 2013). The sentencing order further reflects that Black was sentenced pursuant to Arkansas Code Annotated section 5-4-501(b)—the habitual-offender statute.

The sentencing order does not specify under which version of section 501 Black was sentenced. The prior version of section 501 afforded the circuit court some discretion in imposing an extended sentence, whereas the applicable version mandates the imposition of an extended sentence. Under both the prior and amended version of that statute, the applicable enhanced sentencing range for a Class D felony was "a term of imprisonment of not more than fifteen years." Ark. Code Ann. § 5-4-501(b)(2)(E). Black's fifteen-year sentence

---

[1]On appeal, Black challenges neither the sufficiency of the evidence that he committed a Class D felony nor that he was subject to an extended term of imprisonment.

falls within that range, and the circuit court had the authority under either version of the habitual offender statute to impose the fifteen-year sentence.

Relying on *Glaze*, 2011 Ark. 464, 385 S.W.3d 203, Black argues that because he was sentenced under the "incorrect statute," this case must be remanded for resentencing, even though his sentence falls within the limits of both the prior and amended statutes. Black's reliance on *Glaze* is misplaced.

Glaze was sentenced to twenty-five years' imprisonment as a habitual offender pursuant to Arkansas Code Annotated section 16-90-201 (Repl. 2006). 2011 Ark. 464, at 1, 385 S.W.3d at 206–07. On appeal, Glaze contended that his sentence was illegal. *Id.* at 6, 385 S.W.3d at 208. Glaze argued that section 201 was repealed by implication when the Arkansas Criminal Code, pursuant to which Glaze had been charged, was enacted. *Id.* At the time, the sentencing range for Glaze's offense was twenty to thirty years' imprisonment under the enhanced sentencing statute. *Id.* at 3, 385 S.W.3d at 206. The enhancement statute under the Criminal Code—Arkansas Code Annotated section 5-4-501—provided a different enhanced sentencing range for Glaze's conviction: five to forty years' imprisonment. *Id.* at 12–13, 385 S.W.3d at 212.

The Arkansas Supreme Court held that section 5-4-501 covered the same subject matter as section 16-90-201; the two statutes could not be read harmoniously because the sentencing ranges conflicted; and section 16-90-201 had been repealed by implication. *Id.* at 13, 385 S.W.3d at 212. Our supreme court further held that it was irrelevant that Glaze received a sentence that fell within the sentencing range under both enhancement statutes

5

because the applicable enhanced sentencing range under section 501 provided a different range of sentencing possibilities than did section 201. *Id.*, 385 S.W.3d at 212. The section pursuant to which Glaze had been sentenced had been repealed; his sentence was illegal; thus, the sentencing order was reversed and the case remanded for resentencing under section 5-4-501. *Id.*, 385 S.W.3d at 212.

*Glaze* is inapposite. Black's case does not involve two statutes that impose *different* sentencing ranges for his conviction. Black would have this court remand the case and mandate that the circuit court impose the same sentence that it chose to impose in the first instance. This we will not do. Black was convicted of a Class D felony offense and was sentenced in accordance with that conviction under the habitual-offender statute. The sentence was specifically authorized by sections 5-39-202(c) and 5-4-501(b)(1), (b)(2)(E); thus, it is not illegal.

Affirmed.

BARRETT and MURPHY, JJ., agree.

*Ben Motal*, for appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.