Cite as 2025 Ark. 54

# SUPREME COURT OF ARKANSAS
No. CR–24–230

| | | |
|---|---|---|
| TRACY WRIGHT | | **Opinion Delivered:** May 1, 2025 |
| | APPELLANT | PRO SE APPEAL FROM THE BENTON COUNTY CIRCUIT COURT |
| V. | | [NO. 04CR-18-2394] |
| STATE OF ARKANSAS | | HONORABLE BRAD KARREN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**CODY HILAND, Associate Justice**

Tracy Wright appeals from the denial of his petition for postconviction relief filed pursuant to Arkansas Rule of Criminal Procedure 37.1. After a hearing wherein Wright withdrew all the claims in his written petition except one—that his sentence of life imprisonment is illegal and imposed in violation of his due-process rights—the circuit court denied the petition based on this court's rejection of said claim on direct appeal. We affirm.

In November 2019, Wright was convicted by a Benton County jury of aggravated robbery and theft of property and sentenced as a habitual offender to life imprisonment. On appeal, Wright argued that the trial court erred when it allowed the jury to consider prior residential-burglary felony convictions in Kansas to enhance his sentence to life imprisonment. We disagreed and affirmed. *Wright v. State*, 2022 Ark. 103, 644 S.W.3d 236.

Wright filed a timely Rule 37.1 petition and argued multiple grounds for relief. However, as stated above, Wright withdrew his first three claims[1] and proceeded with the single claim that his sentence violates due process and is illegal. The circuit court denied the petition because the argument outlined in Wright's written petition mirrored the argument rejected by the supreme court and "Rule 37 does not provide an opportunity to reargue settled points."[2]

Wright argues that in 2023, the General Assembly amended the Arkansas Code to exclude residential burglary from the list of violent felonies for purposes of sentence enhancements pursuant to Arkansas Code Annotated section 5-4-501(d)(2), and for purposes of parole calculations pursuant to Arkansas Code Annotated section 16-93-609(2)(B). *See* Act 659 of 2023, §§ 17 & 18; Act 683 of 2023, § 1. The amended code sections became effective on January 1, 2024. Wright argues that his sentence of life without parole was illegally enhanced due to prior convictions for residential burglary, which the General Assembly has removed from the list of violent felonies that mandated his life sentence. Wright further argues that the parole statute, Arkansas Code Annotated section 16-93-609 (Supp. 2023), is retroactive and therefore applies to his life sentence. He is mistaken.

A sentence that is imposed in keeping with the law that was in effect when the crime was committed is not illegal. *Woodruff v. State*, 2024 Ark. 13, 682 S.W.3d 662. In Arkansas,

---

[1]Wright's withdrawn claims included allegations of ineffective assistance of counsel, prosecutorial misconduct, and prosecutorial vindictiveness.

[2]*See Reams v. State*, 2018 Ark. 324, at 14, 560 S.W.3d 441, 451.

sentencing is entirely a matter of statute, and this court has consistently held that sentencing shall not be other than in accordance with the statute in effect when the crime was committed. *Trammel v. Payne*, 2022 Ark. 76.

The direct-appeal record reveals that Wright committed aggravated robbery and theft in November 2018.[3] Therefore, the law in effect in 2018 controlled his sentencing. On direct appeal, this court reviewed the relevant statutes in effect at the time Wright committed the offenses of aggravated robbery and theft and found that the habitual-offender charge and the mandatory sentence of life imprisonment complied with those statutes:

> Wright was convicted of aggravated robbery, which, pursuant to Arkansas Code Annotated section 5-4-501(d)(2)(A)(iv), is a "felony involving violence." Aggravated robbery is a Class Y felony. Ark. Code Ann. § 5-12-103(b). Wright's conviction of aggravated robbery made him eligible for sentencing as a habitual offender if he had previously been convicted of two other felonies involving violence. Ark. Code Ann. § 5-4-501(d)(1). According to Arkansas Code Annotated section 5-4-501(d)(2)(A)(xi), residential burglary as defined by section 5-39-201(a) is a felony involving violence. Additionally, a conviction of "a comparable serious felony involving violence from another jurisdiction[ ]" may qualify as a prior conviction for sentencing purposes. Ark. Code Ann. § 5-4-501(d)(2)(B).

*Wright*, 2022 Ark. 103, at 10, 644 S.W.3d at 242.

Act 659, which amended Arkansas Code Annotated section 5-4-501(d)(2) to exclude residential burglary as a violent offense, makes clear that it is applicable to crimes committed on or after January 1, 2024. *See* Act 659 of 2023, § 18. In other words, the General Assembly did not make the amendment retroactive. Wright further claims that Arkansas Code Annotated section 16-93-609 is applicable to his sentence in that residential burglary is no

---

[3]This court may take judicial notice in postconviction proceedings of the record on direct appeal without the need to supplement the record. *Williams v. State*, 2019 Ark. 289, 586 S.W.3d 148.

longer classified as a violent felony that prohibits parole. According to Wright, section 16–93-609 is applicable to crimes committed after 2015 and therefore controls his parole eligibility. He is, again, incorrect. The 2023 Act makes it clear that section 16–93-609 is a parole-eligibility statute and not a sentencing statute. *See* Act 683 of 2023. Wright was sentenced to life without parole; therefore, the parole statutes are inapplicable to him. Because the trial court did not clearly err when it denied Wright's petition for postconviction relief, we affirm.

Affirmed.

Special Justice DAVID PARKER joins.

BRONNI, J., not participating.

*Tracy Wright*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.