Cite as 2026 Ark. App. 61

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-24-545

|  |  |
|---|---|
| CHRISTOPHER CARTER<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered February 4, 2026<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION<br>[NO. 60CR-21-1623]<br><br>HONORABLE KAREN D. WHATLEY, JUDGE<br><br>AFFIRMED; REMANDED TO STRIKE ILLEGAL SENTENCE ENHANCEMENT |

## BART F. VIRDEN, Judge

A Pulaski County jury convicted appellant Christopher Carter of two counts of rape for which he was sentenced as a habitual offender to an aggregate of seventy years' imprisonment. Carter argues that the trial court had no authority to sentence him in connection with an enhancement because the crime charged as count one was committed before 2019, which is the year that the statute was amended to include rape as an offense that could be enhanced. Although it is listed as his third point on appeal, Carter also argues that the trial court erroneously applied the enhancement ex post facto, which also makes the sentence illegal. Carter asserts, alternatively, that the trial court erred in denying his directed-verdict motion with respect to the enhancement. Finally, Carter argues as to count one that

the trial court erroneously instructed the jury in both phases of the trial as to rape under Ark. Code Ann. § 5-14-103(a)(3) (Supp. 2021), when the State's last amended information alleged a violation under section 5-14-103(a)(4)(A)(ii) and that the erroneous instruction resulted in an illegal sentence. We affirm both rape convictions but remand for the trial court to strike the five-year enhancement because it amounts to an illegal sentence.

## I. *Background*

On May 3, 2021, the State filed an information charging Carter with one count of rape that occurred on or about August 20, 2011, through August 19, 2017,[1] and a second count of rape that occurred on or about August 26, 2017, through December 31, 2020. The State initially charged both counts pursuant to Ark. Code Ann. § 5-14-103(a)(4)(A)(ii).[2] The State further alleged that Carter's sentence should be enhanced because he committed rape in the presence of a child. The State amended the information multiple times before Carter was brought to trial. On September 15, 2023, the State amended the information to charge Carter on count one pursuant to Ark. Code Ann. § 5-14-103(a)(3), which provides that a person commits rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. On the first day of Carter's trial, the

---

[1]The dates represent the day that the victim turned eight years old and the day before her fourteenth birthday.

[2]Section 5-14-103(a)(4)(A)(ii) provides that a person commits rape if he engages in sexual intercourse or deviate sexual activity with another person who is a minor, and the actor is the victim's uncle.

State filed another amended information that looked substantially similar to the original information—both counts were charged pursuant to section 5-14-103(a)(4)(A)(ii).

A jury trial was held on April 16 and 17, 2024. Only a brief recitation of the facts is necessary given that Carter is not challenging the sufficiency of the evidence as to his convictions. MC testified that her birthday is August 20, 2003. She said that Carter is her uncle—he is the husband of her mother's sister. MC testified that Carter first raped her when she was about eight years old. MC recounted various occasions on which Carter raped her and said that this continued until she was in high school. In particular, MC testified that Carter raped her while she was babysitting his two daughters who were approximately one or two years old and two or three years old. When MC was about seventeen years old, she told her mother what Carter had done to her, and they informed law enforcement.

On count one, the jury sentenced Carter to thirty years' imprisonment with a consecutive five-year term for committing the rape in the presence of a child. On count two, the jury sentenced Carter to thirty-five years, to be served consecutively to count one and its enhancement. Carter brought this appeal.

II. *Discussion*

Carter raises three points, along with subpoints, on appeal. We have combined his arguments and will address the legality of Carter's sentence enhancement first and then turn our attention to his argument about the jury instructions.

A. Sentence Enhancement

A person who commits certain offenses may be subject to an enhanced sentence of an additional term of imprisonment of not less than one year and not greater than ten years if the offense is committed in the presence of a child. Ark. Code Ann. § 5-4-702(a)(6) (Supp. 2021). The enhancement alleged by the State pertains to MC's allegations that Carter raped her while she was babysitting his two daughters, the older of whom was two or three years old at the time. That daughter, who testified during the sentencing phase of Carter's trial, was thirteen years old, meaning the offense occurred around 2013 or 2014.

Carter argues that the trial court lacked authority to apply the sentencing enhancement because the statute was not amended to include rape until 2019 and that the trial court erroneously applied the statute ex post facto. He asserts that the end result was an illegal sentence. The issue of a void or illegal sentence is one of subject-matter jurisdiction, and the supreme court has defined an illegal sentence as one that the trial court lacked the authority to impose, even if on its face the sentence is within the statutory range. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. In Arkansas, sentencing is entirely a matter of statute. *Black v. State*, 2024 Ark. App. 546, 700 S.W.3d 246. Sentencing shall not be other than in accordance with the statute in effect when the crime was committed. *Wright v. State*, 2025 Ark. 54, 709 S.W.3d 805.

The State concedes error, citing *Artero v. State*, 2025 Ark. App. 290 (remanding because enhancement portion of sentence was illegal in that second-degree sexual assault of which Artero was convicted had been committed in 2017, but enhancement statute was not amended to include second-degree sexual assault until 2019). Before 2019, section 5-4-

4

702(a)(6) did not include rape as an offense that could be enhanced; rather, it included only homicide and battery offenses. We agree that the enhancement portion of Carter's sentence is illegal and thus remand for the trial court to strike the five-year enhancement.

Because we hold that the trial court lacked authority to impose the five-year enhancement, we do not reach Carter's alternative arguments, i.e., the ex post facto claim and his challenge to the sufficiency of the evidence supporting the enhancement.

B. Jury Instructions

Carter argues that, although the State's last amended information charged him with violating Ark. Code Ann. § 5-14-103(a)(4)(A)(ii), the jury was ultimately instructed on Ark. Code Ann. § 5-14-103(a)(3) as to count one. Carter argues that this violates Ark. Code Ann. § 16-89-125(b) (Repl. 2005), which provides that when the evidence is concluded, the court shall, on motion of either party, instruct the jury on the law applicable to the case. Carter asserts that instructing the jury on law that was inapplicable to the case resulted in an illegal sentence. According to Carter, his conviction as to count one should be reversed and remanded for a new trial "in conformity with Ark. Code Ann. § 16-89-125."

The fact that the State amended the information on the day of Carter's trial appears not to have been acknowledged by anyone. In discussing the jury instructions, defense counsel had no objection to the instruction as to count one, and the trial court later read that instruction with its element that the victim must be under the age of fourteen. In her directed-verdict motion with respect to count one, defense counsel cited the elements of section 5-14-103(a)(3). Moreover, defense counsel mentioned in her closing argument the

elements of section 5-14-103(a)(3). In the sentencing phase of Carter's trial, the trial court went through the jury instructions to make sure everyone was "on the same page." When the trial court referred to the victim as being under the age of fourteen with respect to count one, defense counsel again raised no objection.

To preserve an issue for appeal, a defendant must object at the first opportunity. *Burnett v. State*, 2023 Ark. App. 242, 665 S.W.3d 283. Issues raised for the first time on appeal, even constitutional ones, generally will not be considered. *Id.* This is essentially a due-process argument that Carter waived by not objecting to the amendment. *Chandler v. State*, 2024 Ark. App. 260, 688 S.W.3d 170 (refusing to address under *Wicks* exception to contemporaneous-objection rule Chandler's argument that a jury instruction failed to comport with statutory language when Chandler raised no objection and had, in fact, approved of the instruction (citing *Wicks v. State*, 270 Ark. 781, S.W.2d 366 (1980))). Moreover, although Carter relies on section 16-89-125 for authority on appeal, he made no request pursuant to that statute below. His argument is therefore not preserved for review. *Burnett*, *supra*.

Affirmed; remanded to strike illegal sentence enhancement.

KLAPPENBACH, C.J., and MURPHY, J., agree.

*Robert M. "Robby" Golden*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Dalton Cook*, Ass't Att'y Gen., for appellee.