Cite as 2026 Ark. App. 344

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-25-665

| | | |
|---|---|---|
| AARON BARR | APPELLANT | Opinion Delivered May 20, 2026 |
| V. | | APPEAL FROM THE CLAY COUNTY CIRCUIT COURT, EASTERN DISTRICT [NO. 11PCR-18-70] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE PAMELA HONEYCUTT, JUDGE |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**MIKE MURPHY, Judge**

Appellant Aaron Barr appeals the decision of the Clay County Circuit Court revoking his probation and sentencing him to eighteen months' incarceration. His counsel has filed a no-merit brief and a motion to be relieved in accordance with *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b), stating that there are no meritorious grounds to support an appeal. Barr was notified of his right to file pro se points in response to his counsel's brief, and he has not done so. We affirm and grant counsel's motion to be relieved.

On September 19, 2018, Barr entered a guilty plea to one count of first-degree terroristic threatening, a Class D felony. He was initially sentenced to a term of thirty-six

months' probation. Then, while on probation, on October 14, 2019, Barr had his probation revoked. He was sentenced to a term of sixty days in the county jail and sixty months' probation. The terms of his probation included that he "must obey all federal and state laws, local ordinances, and court orders."

That term of probation would have ended on October 14, 2024, but on June 27, 2024, the State filed a petition to revoke Barr's probation alleging that Barr had willfully failed to pay fines and costs, had been arrested for disorderly conduct and third-degree domestic battery, and had tested positive on two occasions for drugs or alcohol. He was served with the warrant on that petition on August 16, 2024.

At the hearing on the petition to revoke probation, the court heard evidence that, among other things, on February 5, 2024, Barr had pleaded guilty to third-degree domestic battery. The docket sheet denoting the plea was entered into evidence without objection. The court found that the evidence of the guilty plea to domestic battery was sufficient to prove that Barr had not acted in a lawful manner such that he had violated a term of his probation. The State recommended eighteen months in the Arkansas Division of Correction followed by a thirty-six-month suspended imposition of sentence, which the court accepted over Barr's request for extended probation. After the court announced its sentence, Barr addressed the court and alleged ineffective assistance of counsel. The court advised him that he could bring these allegations in a postconviction motion. This no-merit appeal followed.

A request to withdraw on the basis that the appeal is wholly without merit must be accompanied by a brief containing an argument section that consists of a list of all rulings

adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(b)(1).

A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(b)(1), and rebriefing will be required. *Moore v. State*, 2022 Ark. App. 5. The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Stephenson v. State*, 2023 Ark. App. 453.

Counsel contends that there are no issues of merit to support an appeal and has adequately explained why an appeal would be wholly frivolous.

We first address whether the evidence was sufficient to support the revocation. To revoke probation or suspended sentence, the State must prove by a preponderance of the evidence that the defendant violated a condition of his probation. *Stewart v. State*, 2021 Ark. App. 289, 624 S.W.3d 357. We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence. *Id.* Evidence that would not support a criminal conviction in the first instance may be enough to revoke probation or a suspended sentence. *Id.* Determining whether a preponderance of the evidence exists turns on questions of credibility and weight to be given to the testimony. *Id.*

In this no-merit brief, counsel has addressed the sufficiency of the evidence presented in support of the revocation. Given that while on probation Barr pleaded guilty to domestic

3

battery, there could be no issue of arguable merit to raise on appeal concerning the sufficiency of the evidence to revoke. In *Lacey v. State*, 2023 Ark. App. 87, 660 S.W.3d 883, we held that a certified copy of the defendant's guilty plea to a misdemeanor offense of fleeing, admitted without objection, constituted sufficient evidence of a newly committed crime to support the revocation of probation when a condition of probation was living a law-abiding life.

The only other adverse rulings were the circuit court's rejection of Barr's request for a lesser sentence (extended probation) and its declining to take up Barr's allegation of ineffective assistance of counsel. We agree with counsel that neither of these points would provide meritorious points for reversal at this time.

Sentencing is entirely a matter of statute, and the circuit court has the authority to impose a particular sentence when it complies with the applicable statute. *Fulks v. State*, 2023 Ark. App. 566, 680 S.W.3d 743. Here, upon revocation, Barr was subject to being sentenced for the underlying crime in compliance with the statutory maximum, and the circuit court sentenced him accordingly. *See* Ark. Code Ann. § 5-4-401(a)(5) (Repl. 2024).

Regarding the ineffective assistance of counsel, Barr's complaint centered on inadequate communication with his counsel, but at the hearing, he did not develop what additional communication would have changed. Without some demonstration of prejudice, the ineffective-assistance-of-counsel argument fails. *See, e.g.*, *Robertson v. State*, 2010 Ark. 300, at 4, 367 S.W.3d 538, 542 ("[A]ppellant contended that counsel did not communicate with her sufficiently prior to trial, but she does not point out what further communication would

have produced that would have changed the outcome of the trial."). Moreover, the circuit court correctly noted that Barr is not without a remedy because he may pursue any ineffective-assistance claims through a properly filed petition for postconviction relief under Rule 37, where the record may be more fully developed.

Finally, Barr's counsel also correctly notes that while there were a few pretrial motions filed, none of them were ruled on and, therefore, do not present meritorious grounds for appeal.

Affirmed; motion to withdraw granted.

ABRAMSON and BROWN, JJ., agree.

*Wilkinson Law Firm*, by: *Bryan Altman*, for appellant.

One brief only.